**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MIKHAIL GERSHZON on behalf of himself and all others similarly situated,**<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**ZOA ENERGY, LLC**<br><br>　　　　　　　　Defendant. | **CASE NO.: 3:23-cv-5444-JD**<br><br>**CLASS ACTION**<br><br>**ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

The Court grants preliminary approval of the proposed classwide settlement with defendant ZOA Energy, LLC ("ZOA"). This order is based on a proposed order lodged by the parties and has been modified by the Court according to its practices and conclusions.

1. <u>Settlement Terms</u>: For purposes of this Order, the definitions in the Settlement Agreement are incorporated.

2. <u>Jurisdiction</u>: The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

3. <u>Preliminary Approval of Proposed Settlement Agreement</u>: Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, and (b) preliminarily meets all applicable requirements of law, including Federal Rule of Civil Procedure 23.

4. <u>Class Certification for Settlement Purposes Only</u>:

   a. For purposes of the Settlement only, the Court conditionally certifies this Settlement Class:

   > All persons in the United States who, from March 1, 2021, to the present, purchased in the United States, for personal or household consumption and not for resale or distribution, one or more Products bearing the statement "0 Preservatives" on the label. Excluded from the Settlement Class are: (1) the presiding Judge(s) in the Action; (2) any member of those Judge(s)' immediate families; (3) Defendant; (4) any of Defendant's subsidiaries, parents, affiliates, officers, directors, employees, legal representatives, heirs, successors, or assigns; (5) counsel for the Parties; and (6) any persons who timely opt-out of the Settlement Class.

   b. The Court preliminarily finds for purposes of considering this Settlement that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent;

(d) the Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. <u>Class Representative</u>: Mikhail Gershzon is appointed as the Representative Plaintiff.

6. <u>Class Counsel</u>: Michael D. Braun of Kuzyk Law, LLP and Peter N. Wasylyk of Law Offices of Peter N. Wasylyk are appointed Class Counsel. The Court preliminarily finds that the Representative Plaintiff and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Federal Rule of Civil Procedure 23.

7. <u>Class Notice</u>: The Court approves, as to form and content, the notices and claim form substantially in the form attached to the Settlement Agreement, as corrected following the preliminary approval hearing. *See* Dkt. No. 42.

   a. <u>Notice Plan</u>: The Court finds that the Parties' plan for providing notice to the Settlement Class (the "Notice Plan") described in the Settlement Agreement constitutes the best notice practicable under the circumstances; constitutes due and sufficient notice to the Settlement Class of the terms of the Settlement Agreement and the Final Approval Hearing; and complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

   b. <u>Settlement Claims Administrator</u>: Kroll, LLC is appointed as the Claims Administrator. Kroll, LLC shall be required to perform all duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

   c. The Parties' proposed Notice Plan consists of direct notice in the form of Email Notice, Internet Notice (including online display ads, Google search ads, social media ads, and website), and Publication Notice, as well as a Settlement Website where Settlement Class Members may view and download a Full Notice. Settlement Class Members may also request that the Settlement Administrator mail or email them a copy of the Full Notice.

    d. On or before December 8, 2025, the Settlement Administrator shall establish the Settlement Website.

    e. Starting no later than December 15, 2025, the Settlement Administrator shall cause the Email Notice to be sent to Settlement Class Members for whom ZOA maintains an email address.

    f. Starting no later than December 15, 2025, the Settlement Administrator shall provide Internet Notice in the form of a social media campaign and/or Banner Advertisements with at least an estimated 85% reach.

    g. Starting no later than December 15, 2025, the Settlement Administrator shall provide Publication Notice to Settlement Class Members through a Banner Advertisement placed in a newspaper that is circulated nationwide, which shall be selected by the Parties. At least fourteen (14) days prior to the Claim Filing Deadline, the Settlement Administrator will provide two (2) reminder notices to the Settlement Class Members for whom they have sent Email Notice.

  8. The Court further finds that the Notice Plan adequately informs members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement. Any member of the Class who desires to be excluded from the Settlement Class, and therefore not bound by the terms of the Settlement Agreement, must submit a timely and valid written Request for Exclusion pursuant to the instructions set forth in the Notice.

  9. <u>Objection and "Opt-Out" Deadlines</u>: Settlement Class Members who wish to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Opt-Out Deadline, which is February 13, 2026. If a Class Member submits both an Opt-Out Form and Objection, the Class Member will be deemed to have opted out of the Settlement, and thus to be ineligible to object. Any objecting Class Member who has not timely submitted a completed Opt-Out Form will be bound by the terms of the Agreement upon the Court's final approval of the Settlement.

  10. <u>Exclusion from the Settlement Class</u>: Class Members who wish to opt out of and be excluded from the Settlement must follow the directions in the Class Notice and submit a Request for Exclusion to the Claims Administrator, postmarked no later than the Opt-Out Deadline,

3

which is February 13, 2026. The Request for Exclusion must be personally completed and submitted by the Class Member or his or her attorney. One person may not opt someone else out and so-called "class" opt-outs shall not be permitted or recognized. The Claims Administrator shall periodically notify Class Counsel and ZOA's counsel of any Requests for Exclusion.

11. All Class Members who submit a timely, valid Request for Exclusion will be excluded from the Class and will not be bound by the terms of the Settlement Agreement, shall not be bound by the release of any claims pursuant to the Settlement Agreement or any judgment, and shall not be entitled to object to the Settlement Agreement or appear at the Final Approval Hearing. All Class Members who do not submit a timely, valid Request for Exclusion will be bound by the Settlement Agreement and the Judgment, including the release of any claims pursuant to the Settlement Agreement.

12. <u>Objections to the Settlement</u>: Any objection to the Settlement must be in writing, postmarked on or before February 13, 2026, and sent to the Claims Administrator at the addresses set forth in the Class Notice. Any objection regarding or related to the Settlement must contain (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) information sufficient to identify and contact the objecting Class Member or his or her attorney, if represented, (iii) information sufficient to establish the person's standing as a Settlement Class Member, (iv) a clear and concise statement of the Class Member's objection, (v) identification of the case name and case number, (vi) the objector's signature, and (vii) the signature of the objector's counsel, if any (the "Objection").

13. Objecting Class Members may request to appear at the Final Approval Hearing and be heard.

14. Any Settlement Class Member who does not make a valid written objection as set forth in the Settlement shall be deemed to have waived such objection and will be foreclosed from making any objection to the fairness or adequacy of or from seeking review, including through an appeal, of the Settlement, the Settlement Agreement, the payment of attorneys' fees and costs, service award, or the Final Approval Order and Judgment.

15. <u>Submission of Claims</u>: To receive a Cash Award, the Settlement Class Members must follow the directions in the Notice and file a claim with the Claims Administrator by the Claims Deadline, which is February 20, 2026. Settlement Class Members who do not submit a valid claim will not receive a Cash Award and will be bound by the Settlement.

16. <u>Schedule of Events</u>: The following events shall take place as indicated in the chart below:

| Event | Date |
| --- | --- |
| Preliminary Approval Date | November 21, 2025 |
| Class Administrator to establish settlement website | December 8, 2025 |
| Settlement Notice Date -- Claims Administrator to transmit notice (publication notice, internet notice, email notice) | December 15, 2026 |
| Deadline for Plaintiff to file memorandum in support of fees, reimbursement of expenses and service award | December 15, 2026 |
| Objection Deadline | February 13, 2026 |
| Opt-Out Deadline | February 13, 2026 |
| Claims Deadline | February 20, 2026 |
| Deadline for Plaintiffs to file motion for final approval of class action settlement | March 5, 2026 |
| Deadline for Parties to file all papers in response to any timely and valid Objections | March 5, 2026 |
| Final Approval Hearing | March 26, 2026, at 10:00 a.m. |

17. <u>Authority to Extend</u>: The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court.

18. If, for any reason, the Settlement Notice Date does not or cannot commence at the time specified above, the Parties will confer in good faith and recommend a corresponding extension of the Claims Deadline to the Court.

19. <u>Notice to appropriate federal and state officials</u>: The Claims Administrator shall, within ten (10) calendar days of the entry of this Order, prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class Members reside, as specified in 28 U.S.C. § 1715.

20. <u>Preliminary injunction</u>: Plaintiffs, Settlement Class Members, and any other person, representative, or entity acting on behalf of any Settlement Class Members are, until the Final Approval Hearing, barred and enjoined from (a) filing, commencing, prosecuting, maintaining, or intervening in (as members of a class or otherwise) any claim, lawsuit, arbitration, administrative, regulatory, or other proceeding arising out of the Released Claims against any of the Released Parties; and (b) organizing or soliciting the participation of any Settlement Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding arising out of the Released Claims against any of the Released Parties. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's review of the Settlement.

21. <u>Final Approval Hearing</u>: The Court shall conduct a Final Approval Hearing to determine final approval of the Agreement on March 26, 2026, at 10:00 a.m. in Courtroom 11 at the San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102. At the Final Approval Hearing, the Court will address whether the proposed Settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order and Judgment should be entered; and whether Class Counsel's application for attorneys' fees, costs, expenses and service award should be approved. Consideration of any application for an award of attorneys' fees, costs, expenses and service award will be separate from consideration of whether or not the proposed Settlement should be approved. The Court will not decide the amount of any service award or Class Counsel's attorneys' fees until the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued without further notice to the Class.

22. <u>In the Event of Non-Approval</u>: In the event that the proposed Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection with it will become null and void, will be of no further force and effect, and will not be used or referred to for any purpose in this civil action or in any other case or controversy. In such an event, the Settlement and all related negotiations and proceedings will be deemed to be without prejudice to the rights of any and all of the Parties, who will be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement.

23. <u>Stay of Proceedings</u>: With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in this Action and all Settlement Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims encompassed by the Settlement Agreement, unless the Settlement Class Member timely files a valid Request for Exclusion as defined in the Settlement Agreement.

24. <u>No Admission of Liability</u>: By entering this Order, the Court does not make any determination as to the merits of this case. Neither this order nor the Settlement Agreement and any associated negotiations, documents, and discussions will be deemed or construed to be an admission or evidence of any violation of law or of any liability or wrongdoing by Defendant. Evidence relating to the Settlement Agreement will not be discoverable or used in any way, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and the Judgment.

25. <u>Retention of Jurisdiction</u>: The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

IT IS SO ORDERED.

DATED: November 21, 2025

_____
HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE